UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:06-CV-174-H

FIRST BANK, INC.                                                                                          PLAINTIFF

V.

ANCHOR TITLE SERVICES, INC., ET AL.                                                     DEFENDANTS

**MEMORANDUM OPINION**

      Plaintiff, First Bank, Inc. ("First Bank") has moved to remand on the grounds that Defendants, Stewart Title Guaranty Company ("Stewart Title") and Anchor Title Services, Inc. ("Anchor Title"), removed their case to federal court outside the thirty (30) day time period established in 28 U.S.C. § 1446(b). The motion requires the Court to describe the circumstances under which a defendant's knowledge of removability commences the running of the thirty-day period under § 1446(b). The existing authority does not provide a definitive answer to this question. For the reasons that follow, the Court will sustain the motion and remand to state court.

I.

      On October 7, 2005, First Bank filed a complaint (the "Complaint") in Jefferson Circuit Court for claims arising out of an allegedly fraudulent mortgage scheme by which First Bank was defrauded of in excess of $4.5 million dollars by the actions of the ten named Defendants, at least five of which have pled guilty to criminal charges for their roles in the scheme. In the Complaint, First Bank makes the following (relevant) allegations:

      3.      Defendant, American Savings Mortgage, Inc. ("American Savings") is an

        Indiana corporation . . .

4.     Defendant, Anchor Title Services ("Anchor Title") is an Indiana corporation . . .

5.     Defendant, Katharine Robinson, d/b/a K.A.R. Appraisal Services was at the time of all events and transactions referenced herein a certified residential appraiser licensed by the Indiana Real Estate Appraiser Licensure and Certification Board . . .

6.     Defendant, Michael C. Smith was at the time of all events and transactions referenced herein a certified residential appraiser licensed by the Indiana Real Estate Appraiser Licensure and Certification Board . . .

7.     Defendant, James Spicer d/b/a Spicer Appraisal Services was at the time of all events and transactions referenced herein a certified residential appraiser licensed by the Indiana Real Estate Appraiser Licensure and Certification Board . . .

8.     Defendant, First Choice Appraisal, Inc. is an Indiana corporation . . .

9.     Defendant, Pamela Martinez is an Officer and Vice President of Defendant American Savings Mortgage . . .

10.     Defendant, Kenneth McKinney is an Officer and President of American Savings Mortgage.

11.     Defendant, Larry Hall as a borrower of funds on certain Loans . . .

13.     Defendant, Stewart Title Guaranty Company ("Stewart Title") is a Texas corporation with its principal place of business located at 1980 Post Oak Blvd., Houston, Texas . . .

16.     The amount in controversy exceeds this Court's jurisdictional minimum.

17.     This Court has jurisdiction over the parties pursuant to KRS 454.210[1] because the Defendants caused tortious injury in the Commonwealth of Kentucky . . .

19.     In 2002 First Bank made and funded loans secured by mortgages on various parcels of real property located in and around the Indianapolis, Indiana area . . .

On November 23, 2005, Stewart Title filed a Motion to Dismiss for Lack of Jurisdiction.

---

[1] Ky. Rev. Stat. Ann. § 454.210 is Kentucky's long-arm statute, pursuant to which personal jurisdiction may be established over nonresident defendants.

In that motion, it argued that the state court lacked personal jurisdiction over Stewart Title and that the case should be dismissed for *forum non conveniens* because all of the transactions at issue concerned real property and actions that occurred in Indiana. In its memorandum supporting the motion, counsel for Stewart Title made the following statements:

- "Plaintiff, First Bank, Inc. has sued Stewart Title Guaranty Company and nine other nonresident Defendants . . . ." Def's Mot. to Dismiss at 1.

- "First Bank admits in its Complaint that none of the Defendants are Kentucky businesses or residents." *Id.*

- "First Bank alleges various causes of action against ten nonresident businesses and individuals relating to those loans." *Id.* at 2.

About nineteen days later, on December 12, 2005, Stewart Title served First Bank with written discovery in which Stewart Title requested, among other things, information regarding the citizenship of each Defendant. First Bank responded to the discovery requests on March 7, 2006 and indicated that, to the best of its knowledge, none of the Defendants resided in Kentucky or were Kentucky citizens. First Bank also acknowledged that none of the Defendants' last-known addresses appeared to be in Kentucky. Within thirty days of receiving these responses, on March 31, 2006, Stewart Title filed its Notice of Removal. First Bank moved to remand this action on April 22, 2006, arguing that Stewart Title's removal was untimely under 28 U.S.C. § 1446(b).

## II.

Defendants in a state court action may remove that action to federal court if the action could have been brought originally in federal court. 28 U.S.C. § 1441. One such basis for removal is complete diversity of citizenship, wherein all parties on one side of the action are diverse from all parties on the other side of the action. *SHR Ltd. P'ship v. Braun*, 888 F.2d 455,

456 (6th Cir. 1989).[2] A case is removable under 28 U.S.C. § 1446(b) "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." Alternatively, "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ." The party opposing remand bears the burden of proving diversity jurisdiction. *Gafford v. General Electric Co.*, 997 F.2d 150, 155 (6th Cir. 1993). "All doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

The parties disagree on when the thirty-day clock for removal began. First Bank argues that the thirty-day period began on November 7, 2005, when Stewart Title filed its motion to dismiss and referred to all of the Defendants as "nonresidents" of Kentucky.[3] Stewart Title argues that the period did not begin until March 7, 2006, when First Bank responded to written discovery and indicated that all of the Defendants were not Kentucky residents. The threshold question is whether Stewart Title's motion to dismiss constitutes a "pleading, motion, order or other paper" within the meaning of 28 U.S.C. § 1446(b). If it does, the removal was untimely.

---

[2] Most often in these circumstances, the primary issue concerns when plaintiff's claim can be said to state a claim in excess of $75,000. That is not an issue here.

[3] Although First Bank argues that its Complaint stated a basis for removal by its reference to the Kentucky long-arm statute, such a reference alone is clearly not a basis on which Stewart Title could remove the case on diversity grounds. The Sixth Circuit has explicitly stated that "the removability of the action must be readily ascertainable from the face of the pleading." *Tech Hills II Assocs. v. Phoenix Home Life Mut. Ins. Co.*, 5 F.3d 963, 968 (6th Cir. 1993). Nothing on the face of the Complaint indicated the citizenship of any of the individual Defendants, and Stewart Title is not charged with knowledge of their citizenship by a reference to the long-arm statute.

Strictly construed, Stewart Title's motion appears to meet the plain requirements of § 1446(b). The motion is certainly a "pleading." Moreover, the Sixth Circuit has stated that the an "other paper" need not come from another party – that is, that the thirty-day period can begin running "from the date that a defendant has solid and unambiguous information that the case is removable, even if that information is solely within its own possession." *Holston v. Carolina Freight Carriers Corp.*, 936 F.2d 573 (6th Cir. 1991) (unpublished opinion). In addition, a dispositive motion filed by one defendant can start the thirty-day period as to another defendant. *See, e.g.*, *Miller v. BAS Technical Employment Placement Co.*, 130 F. Supp. 2d 777 (S.D. W. Va. 2001). Finally, the content of the motion suggests Stewart Title's knowledge of diversity of citizenship.

Nevertheless, Stewart Title now downplays the significance of its prior representations stating that it had no actual knowledge of the residency of the other Defendants at that time. Stewart Title explains its statements by saying "[b]ecause First Bank's Complaint alleges that all of the actions in this case took place in Indiana, Stewart Title assumed that the Defendants were not Kentucky residents." Stewart Title then correctly states that "[c]ertainly any *assumption* made by Stewart Title concerning the residency of the Defendants was not enough to properly remove this case to federal court without risking FED. R. CIV. P. 11 sanctions." While this statement is true, Stewart Title did not suggest in its motion to dismiss that its statements regarding the other Defendants' residency were assumptions.[4] Indeed, on its face the pleading seems to indicate that Stewart Title did in fact have knowledge that all of the Defendants are

---

[4] A brief footnote noting that the representations were assumptions could easily have accomplished this task.

5

nonresidents.

The general principle endorsed by courts in this circuit is that a defendant's actual knowledge of the parties' diversity can begin the thirty-day period for removal. *See, e.g., Holston v. Carolina Freight Carriers Corp.*, 936 F.2d 573 (6th Cir. 1991) (unpublished opinion) ("We hold that § 1446(b) starts the thirty-day period running from the date that a defendant has solid and unambiguous information that the case is removable, even if that information is solely within its own possession."); *see also Praisler v. Ryder Integrated Logistics, Inc.*, 417 F. Supp. 2d. 917 (N.D. Ohio 2006); *Bragg v. Kentucky RSA # 9-10, Inc.*, 126 F. Supp. 2d 448, 450 (E.D. Ky. 2001). Both statute and case interpretations suggest that courts can glean such knowledge of removability only from the pleadings and discovery of record. Thus, notice through a pleading, not an inquiry of facts outside the pleadings, provides the proper basis in the record to assume such knowledge. Stewart Title's knowledge of the parties' citizenship can be inferred from its representations in a prior pleading.

As noted above, doubts as to the propriety of removal "are resolved in favor of remand." *Coyne*, 183 F.3d at 493. Stewart Title's prior representations estop it from arguing that it had no knowledge as to the truth of those statements. Stewart Title's motion to dismiss also started the thirty-day period as to Anchor Title, which should have been on notice of the other Defendants' residency from the contents of Stewart Title's pleading. *See Miller v. BAS Technical Employment Placement Co.*, 130 F. Supp. 2d 777 (S.D. W. Va. 2001) (dispositive motion of one defendant can begin the thirty-day period as to another). To permit a defendant to disavow previous assertions when doing so would be advantageous seems contrary to the purposes of section 1446(b).

Accordingly, the Court concludes that a pleading on November 23, 2005, demonstrates Defendants to be on notice of removability and, therefore, the thirty-day period elapsed as to both Stewart Title and Anchor Title prior to actual removal.

III.

First Bank also seeks attorneys fees and costs under 28 U.S.C. § 1447(c).  The Court may, in its discretion, award fees if it determines that Stewart Title's argument for removal was "devoid of even fair support."  *Bartholomew v. Town of Collierville, Tenn.*, 409 F.3d 684, 687 (6th Cir. 2005).  The Court declines to award attorneys fees in this instance, because it is possible that Stewart Title had no knowledge of the parties' diversity prior to March 7, 2006.  Although the Court has determined to hold Stewart Title to the representations in its motion to dismiss, which results in the case being remanded, the Court cannot say that Stewart Title's argument in favor of removal was devoid of fair support.  In fact, had Stewart Title not made the representations regarding the parties' residency in its motion to dismiss, the case would have been properly removed.  Accordingly, First Bank's motion for attorneys fees will be denied.

The Court will issue an order consistent with this Memorandum Opinion.

cc:  Counsel of Record